
FILED
IN CLERKS OFFICE
U.S. ~~~ COURT ED N.Y:
★ NOV 1 4 2005 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CYRIL EJEKWU,

                Petitioner,                02 CV 699 (SJ)

    - against -                  **MEMORANDUM & ORDER**

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------X
JOHNSON, Senior District Judge:

Cyril Ejekwu ("Petitioner") seeks a writ of error coram nobis challenging a judgment of conviction, entered May 11, 1992, in this Court. For the reasons discussed below, this petition is denied.

## BACKGROUND

On March 19, 1992, a jury found Petitioner guilty of both failing to report the transportation of more than $10,000 outside of the United States, in violation of 31 U.S.C. §§ 5316(a)(1)(A), 5316(b) and 5322(a), and of making a false statement in a matter within the jurisdiction of the United States Customs Service, in violation of 18 U.S.C. § 1001. Petitioner was eventually sentenced by this Court on April 2, 1993, to a 24-month prison term, three years of supervised release and a $100 special assessment. Petitioner was released from prison on October 8, 1993 and completed his

term of supervised release on October 7, 1996.

Petitioner, who is not a United States citizen, filed an application to naturalize with the federal agency then known as the Immigration and Naturalization Service ("INS")[1] on April 16, 1999. INS denied his application on August 10, 1999. Petitioner is not currently facing removal from the United States. Finally, he filed this petition on January 3, 2002.

## DISCUSSION

As mentioned, Petitioner seeks a writ of error coram nobis. A carryover from English common law along with other ancient writs, coram nobis is "a writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." Black's Law Dictionary 362 (8th ed. 2004). See also United States v. Morgan, 346 U.S. 502, 508 (1954) (noting it has been invoked, "for example, to inquire as to the imprisonment of a slave not subject to imprisonment, insanity of a defendant, a conviction on a guilty plea through the coercion of fear of mob violence, [and] failure to advise of right of counsel") (citations omitted).

Coram nobis is among the writs federal courts are authorized to issue when "necessary or appropriate in aid of their respective jurisdictions and agreeable to the

---

[1] INS was absorbed into the newly-created Department of Homeland Security on March 1, 2003. The relevant bureau dealing with naturalization applications is now called the "U.S. Citizenship and Immigration Service."

2

usages and principles of law." All Writs Act, 28 U.S.C. § 1651(a). See also Morgan, 346 U.S. at 506, 511 (holding district courts have the power to issue such a writ and noting that any such power derives from the All Writs Act).

While coram nobis is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus," Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998), it is also clear that "relief under the writ is strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation and citations omitted).

In order to convince a federal court to issue a writ of coram nobis, a petitioner must demonstrate that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for the failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. at 79 (internal quotation and citations omitted). Importantly, "[t]he proceedings leading to the petitioner's conviction are presumed to be correct, and 'the burden rests on the accused to show otherwise.'" Id. (quoting Morgan, 346 U.S. at 512).

3

## I. Jurisdiction

Respondent asserts as an initial matter that this Court lacks jurisdiction to consider this petition. Respondent cites to Clinton v. Goldsmith, 526 U.S. 529, 534 (1999), and United States v. Tablie, 166 F.3d 505, 506 (2d Cir. 1999), each of which notes that the All Writs Act is not an independent grant of jurisdiction. Thus, Respondent argues, since the Court lacks jurisdiction to grant relief in this case under either 28 U.S.C. § 2241 or § 2255,[2] no underlying basis for jurisdiction exists, and Petitioner's invocation of the All Writs Acts cannot cure this defect.

The Court does not take as expansive a view of the controlling authority as Respondent does. First, neither Goldsmith nor Tablie stands for the proposition that federal courts are prohibited from rectifying constitutional errors in a conviction via the grant of a writ of error coram nobis, particularly when a petitioner seeks legal rather than equitable relief. See, e.g., Tablie, 166 F.3d at 507 (noting that "the All Writs Act is not an independent source of jurisdiction to *equitably* undo a valid judgment of conviction in order to avoid deportation) (emphasis added).[3] Cf. Porcelli

---

[2]Respondent correctly notes that jurisdiction does not exist in this case under either 28 U.S.C. § 2241 or § 2255, as each contains an "in custody" requirement, see 28 U.S.C. § 2241(c) and 28 U.S.C. § 2255, and petitioner was not in custody at the time he filed this petition.

[3]In Goldsmith, the respondent was a military officer who had been convicted of criminal acts in violation of the Uniform Code of Military Justice. Id. at 531. The length of his prison term as well as his actual time of imprisonment left him susceptible to being removed from the military rolls under a statutory provision enacted in 1996. Id. at 532. After the President sought the respondent's removal from the rolls, the respondent brought a petition for relief under the All Writs Act. Id. at 532-33. The Court of Appeals for the Armed Forces ("CAAF") eventually granted his petition. Id. However, the Supreme Court held that, because the CAAF's jurisdiction was generally construed as being narrow, it did not allow for the CAAF to consider petitions for

4

v. United States, 404 F.3d 157 (2d Cir. 2005) (considering petition for coram nobis relief on the merits when petitioner was not in custody and thus not eligible for relief under 28 U.S.C. § 2255); United States v. Ko, No. 83 CR. 521, 1999 WL 1216730, at *3 (S.D.N.Y. Dec. 20, 1999) (noting with regard coram nobis, that petitioner "who has no viable claim under § 2255, may invoke that common law shield against injustice"). No other cases to which Respondent cites suggest otherwise.

Moreover, Respondent's position, if it accurately reflected the state of the law, would mean that similarly-situated petitioners could seek coram nobis relief *only* while they are incarcerated or are otherwise "in custody." This result would not only be contrary to the centuries-old rationale for the availability of a coram nobis writ, but also would lead to the illogical conclusion that those individuals who commit the most serious crimes – and thus receive the longest sentences – are also bestowed with the "advantage" of having more time to seek a writ of coram nobis relief than are those prisoners whose terms are shorter. The Court does not see controlling authority as limiting access to coram nobis relief in such a manner. Therefore, the Court concludes it has jurisdiction to hear this petition and turns to its consideration on the merits.

---

relief from an executive act, such as removing military personnel from the rolls, as opposed to reviewing a finding or sentence from a court-martial proceeding. Id. at 535-37. Because the CAAF did not have jurisdiction over the executive act, invocation of the All Writs Act was not sufficient to provide jurisdiction independently. Id. In Tablie, the petitioner, facing removal from the United States, petitioned the district court in which he had been convicted and sentenced to vacate the underlying conviction in order to eliminate the petitioner's eligibility for removal. Id. at 506. The district court granted relief on the basis of the All Writs Act, even though the petitioner had no legal basis for challenging his conviction. Id. at 507. Instead, he was solely seeking equitable relief, a jurisdictional bar in the opinion of the United States Court of Appeals for the Second Circuit ("Second Circuit"). Id.

5

P-049

## II. The Merits

### A. *Continuing Legal Consequences*

To satisfy this prong, Petitioner must show an erroneous conviction has led to an ongoing harm that is serious and tangible, not just speculative. See Fleming, 146 F.3d at 91. Petitioner, relying on his unsuccessful application for naturalization as well as his supposed eligibility for removal, fails to make such a showing. Whether or not the conviction subjects him to removal from the United States,[4] he demonstrates no present and substantial legal disability attributable to that conviction and for which a writ of coram nobis is appropriate relief. Therefore, Petitioner has not satisfied this requirement.[5]

### B. *Reason for Delay*

While there is no applicable statute of limitations, "coram nobis relief may be barred by the passage of time." Foont, 93 F.3d at 79. Courts are to consider timeliness "in light of the circumstances of the individual case." Id.

Petitioner completed his term of supervised release in October of 1996. He offers no real justification, however, for why he waited until the end of 2001 to file this

---

[4] Portions of Petitioner's immigration records submitted by Respondent create some uncertainty on this point.

[5] Petitioner also argues that immigration law changes in 1996 increased his punishment in violation of the Ex Post Facto clause of the United States Constitution. Because the claimed harm underlying this argument is also speculative at this stage, the Court need not discuss how this particular argument is unavailing.

P-049

petition. At a minimum, he waited more than two years from the time INS denied his application for naturalization to seek coram nobis relief. The unjustified delay in this case renders the petition untimely. See., e.g., Cisse v. United States, 330 F. Supp. 2d 336, 344 (S.D.N.Y. 2004) (denying relief, in part, because of petitioner's inadequate explanation of one-year delay).

### C. Compelling Circumstances

Even if Petitioner could satisfy the first two requirements, his petition does not demonstrate circumstances compelling the requested relief. In challenging the jury charges from his trial, Petitioner, in essence, seeks to relitigate issues already addressed in his direct appeal. The Second Circuit has already considered and rejected Petitioner's claims relating to the jury charges. See United States v. Ejekwu, No. 92-1311 (2d Cir. Jan. 13, 1993). Thus, Petitioner has failed to demonstrate the requisite circumstances to qualify for this form of relief.

## CONCLUSION

For these reasons, the petition for a writ of error coram nobis is DENIED and the petition is DISMISSED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: November 3, 2005
Brooklyn, New York

Senior U.S.D.J.

7

P-049